IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMUEL RICHMOND WALKER, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-0349 |
| | § | |
| RICK THALER, | § | |
| | § | |
| *Respondent*. | § | |

### ORDER OF DISMISSAL

Petitioner, a state inmate proceeding *pro se*, files this section 2254 habeas petition challenging his 2007 conviction for aggravated robbery with a deadly weapon. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be dismissed for the reasons shown below.

*Background and Claims*

Public records for the state appellate courts show that petitioner was convicted of aggravated robbery with a deadly weapon on May 31, 2007, and sentenced to forty-five years imprisonment. The conviction was affirmed on appeal on May 8, 2008. *Walker v. State*, No. 14-07-00461-CR (Tex. App. – Houston [14th Dist.] 2008, pet. ref'd). The Texas Court of Criminal Appeals refused discretionary review on November 19, 2008. Petitioner's application for state habeas relief was dismissed as non-compliant by the Texas Court of Criminal Appeals and returned unprocessed to petitioner on July 28, 2010. *Ex parte Walker*,

WR No. 73,965-01. Although petitioner asserts that not until December 21, 2010, was he aware that his state habeas application had been rejected as non-compliant, he subsequently did not file a compliant state habeas application. Instaed, he filed two "supplemental" applications, on which the Texas Court of Criminal Appeals took no action based on its dismissal of the primary application. To-date, records for the Texas Court of Criminal Appeals show that petitioner has not filed a compliant habeas application with that court.

*Analysis*

Under 28 U.S.C. §§ 2254(b) (1) and (c), a federal habeas petitioner must exhaust all available state remedies before he may obtain federal habeas relief. *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). Under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them to federal court. *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999). Exceptions exist only where there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B).

Petitioner's claims have not been fairly presented to the highest state court of Texas, and are unexhausted. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); 28 U.S.C. §§ 2254(b), (c). Before this Court may review his claims, petitioner must have presented them to the Texas Court of Criminal Appeals through a properly-filed application for state habeas relief. Petitioner is not precluded from pursuing his habeas claims through the Texas Court

of Criminal Appeals, and the state habeas process remains available to him. Accordingly, petitioner's habeas claims with this Court are unexhausted and will not be considered.

Because the interests of comity are best served in this case by Texas courts having an opportunity to consider petitioner's habeas claims, the instant petition is subject to dismissal for petitioner's failure to exhaust state court remedies as required under 28 U.S.C. § 2254. A careful review of petitioner's petition in the instant case shows no reason why this case should be allowed to proceed in absence of exhaustion.

*Conclusion*

This case is DENIED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on January 27, 2011.

Gray H. Miller
United States District Judge